IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IMMANUEL J. KYLE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 17 C 7646 |
| | ) | |
| v. | ) | Hon. Virginia M. Kendall |
| | ) | |
| MEGAN J. BRENNAN, Postmaster General, U.S. Postal Service, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Immanuel Kyle, a former mail handler for Defendant United States Postal Service ("USPS"), brings this *pro se* employment discrimination suit against USPS alleging disability discrimination, retaliation, and hostile work environment in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.* This matter is currently before the Court on USPS's motion to dismiss. (Dkt. 16). For the reasons stated below, USPS's motion is granted.

## BACKGROUND[1]

**A.     Factual Background**

Kyle worked at the USPS's Chicago Network Distribution Center in Forest Park, Illinois. (Dkt. 11) at 5. On February 17, 2015, Kyle was injured, and he has been in receipt of workers' compensation for his injury since July 14, 2016. *Id.* However, Kyle claims that the "Central Illinois Health & Resource Management has consistently willfully interfered in [his] workers' compensation claims." *Id.* Specifically, Kyle complains about 19 separate actions that were taken

---

[1] For purposes of Defendant's motion to dismiss, the Court assumes as true all well-plead allegations set forth in Plaintiff's complaint. *See Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

1

between October 4, 2016 and January 5, 2017: ten separate undescribed instances in which unnamed "Agency Responsible Officials" made false or misleading statements or submitted false evidence with regard to Kyle's workers' compensation proceeding; three instances in which "Agency Responsible Officials" failed to submit evidence to the Office of Workers' Compensation Programs ("OWCP"); two instances in which "Agency Responsible Officials" "intentionally misquoted a licensed Medical Professional"; two instances in which "Agency Responsible Officials" failed to accommodate Kyle's "accepted occupational illness"; one instance—prior to Kyle's removal—in which a policy was disseminated to not allow Kyle "back to work or in the building" on the basis of his mental disabilities; and one instance in which "Agency Responsible Officials" referenced policy violations and improper disclosures. *Id.* at 6. Kyle alleges that "[o]verall Agency Responsible Officials took steps to harm the [him] by discreet and overt workers' compensation claim interference as well as other adverse actions, and psychological torment derived from these adverse actions, to which all parties had prior knowledge of the Plaintiff's mental health and challenges." *Id.* At some point after his injury, Kyle was removed from USPS. *Id.* at 2.

**B.    Procedural Background**

With regard to the 19 actions, Kyle submitted an Information for Pre-Complaint Counseling form on May 10, 2017, which the USPS Equal Employment Opportunity ("EEO") received on May 12, 2017. *See* (Dkt. 18-1) (Information for Pre-Complaint Counseling, Case No. 1J-609-0018-17).[2] On July 8, 2017, Kyle submitted a formal EEO complaint of discrimination.

---

[2] The complaint, Exhibit A, and Kyle's response to the motion to dismiss all evidence the centrality of the USPS EEO proceeding documents to the dismissal of his USPS EEO complaint, and thus to his instant complaint. Specifically, Kyle mentions his initial USPS EEO contact and filings in his response to the USPS's motion to dismiss, and the USPS EEO formal complaint culminated in the USPS EEO Dismissal submitted by Kyle as "Exhibit A." (Dkt. 12). The Court therefore will

2

(Dkt. 18-2) (EEO Complaint of Discrimination in the Postal Service, Case No. 1J-609-0018-17). As relevant, Kyle's formal EEO complaint alleged that "[o]n March 04, 2017 I became aware of several discriminatory and retaliatory actions taken by the Responsible Agency Official(s)." *Id.* at 4. Kyle proceeded to list the 19 separate actions that were taken between October 4, 2016 and January 5, 2017. *Id.*

On July 20, 2017, the USPS EEO dismissed Kyle's formal complaint on two grounds. *See* (Dkt. 12) (Dismissal of Formal EEO Complaint, No. 1J-609-0018-17). First, the USPS EEO found that all of Kyle's claims were time-barred, because he failed to make a request for pre-complaint counseling within 45 days of the occurrence of any of the listed events, the latest of which was January 5, 2017. *Id.* at 3–4. In this regard, the USPS EEO noted that Kyle had "alleged discrimination based on Disability (PTSD/Depression) and Retaliation (Prior EEO Activity) in that when [he] received a letter on March 4, 2017 that addressed [his] dissatisfaction complaint in Agency EEO Case 1J-609-0002-17,[3] [he] became aware that" agency officials had interfered with his OWCP claim from October 4, 2016 to January 5, 2017 and had distributed a policy not to allow him back into the building due to his mental state. *Id.* at 2. Second, the USPS EEO concluded that all of actions about which Kyle complained (with the sole exception of the incident where Kyle was not permitted into the building on account of his mental disabilities) constituted improper collateral attacks on his underlying workers' compensation proceedings. *Id.* at 5–6. Kyle did not

---

take judicial notice of the administrative proceedings and consider them here without converting this motion to a motion for summary judgment. *See Davis v. Potter*, 301 F. Supp. 2d 850, 856 (N.D. Ill. 2004); *see also Agostin v. Am. Airlines, Inc.*, 2003 WL 21349476, at *6 (N.D. Ill. Jan. 2, 2003).

[3] USPS EEO Case 1J-609-0002-17 (and its subsequent appeal, No. 0120171426) are the subject of *Kyle v. Brennan*, No. 18 C 1099 (N.D. Ill. filed Feb. 12, 2018), which is currently pending in this district. The formal EEO complaint in that matter was filed on January 17, 2017, and it pertains to events from May 7, 2015 to November 2, 2016. *See Kyle v. Brennan*, No. 18 C 1099 (Dkt. 10) (N.D. Ill.) (EEO Complaint of Discrimination in the Postal Service, Case No. 1J-609-0002-17).

appeal the decision to the Office of Federal Operations. Instead, Kyle filed this action, again alleging that he became aware of all 19 "discriminatory and retaliatory actions taken by USPS Agency Official(s)" on "March 4, 2017." (Dkt. 11) at 6.[4] As relief, Kyle seeks the following: an order directing USPS to "Cease and Desist all Workers' Compensation Claim Intereference [sic]; Cease and Desist all retaliatory and discriminatory conduct toward the Plaintiff; Cease and Desist criminal activity towards the Plaintiff regarding Workers Compensation or otherwise; Adhere to the directions of the Office of Workers' Compensation regarding the Plaintiff; Cease and Desist continuing systematic discriminatory and retaliatory violations and conduct towards the Plaintiff; Bar all Central Illinois District Health & Resource Management Employees from handling or interacting in anyway [sic] with the Plaintiff or the Plaintiff's Claims Examiners regarding his open, pending, future, appealed, reconsidered, or any Workers' Compensation matter." *Id.* at 7.

USPS has moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6).

## **LEGAL STANDARD**

A Rule 12(b)(1) motion challenges federal jurisdiction, and the plaintiff bears the burden of establishing the elements necessary for jurisdiction have been met. *Scanlan v. Eisenberg*, 669 F.3d 838, 841–42 (7th Cir. 2012). In ruling on a Rule 12(b)(1) motion, the Court may look outside of the complaint's allegations and consider the parties' evidence on the issue of jurisdiction. *Apex*

---

[4] Actually, before he initiated this action, Kyle filed two other actions against the USPS alleging discrimination, retaliation, and other such claims. *See Kyle v. Brennan*, No. 17 C 3649 (N.D. Ill. filed May 15, 2017); *Kyle v. Brennan*, No. 17 C 5257 (N.D. Ill. filed July 17, 2017). And after this action was filed, Kyle filed a fourth action. *See Kyle v. Brennan*, No. 18 C 1099 (N.D. Ill. filed Feb. 12, 2018). Although Kyle submits in his response brief that he "will soon move to have these [cases] deemed related per local rule" ((Dkt. 25) at 1), he has not yet made any such motion and the Court does not consider his statement as properly asserting such a request.

4

*Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) (internal quotation marks omitted).

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014); *see also Hill v. Serv. Emp. Int'l Union*, 850 F.3d 861, 863 (7th Cir. 2017). Pursuant to the federal pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Dismissal for failure to state a claim under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court reads the complaint and assesses its plausibility as a whole, *see Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011), and it accepts as true all of Kyle's well-pleaded factual allegations and draws all reasonable inferences in Plaintiff's favor. *Killingsworth*, 507 F.3d at 618. The Court may take judicial notice of matters in public record, including court documents, in deciding a motion to dismiss without converting it to a motion for summary judgment. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

## **DISCUSSION**

USPS moves to dismiss Kyle's complaint, arguing that (1) the Court lacks jurisdiction over the entire matter, because the Court is barred from reviewing the procedures and benefits decisions of the OWCP, (2) Kyle failed to timely exhaust his administrative remedies before bringing suit,

and (3) Kyle's complaint fails to state a discrimination claim. (Dkt. 18). The Court will address each argument in turn, beginning with the timeliness issue.

A.    **Timeliness**

Before a federal employee may bring a civil action for discrimination under the Rehabilitation Act against her employer, the employee first must exhaust her administrative remedies. *See Teal v. Potter*, 559 F.3d 687, 691 (7th Cir. 2009) (citing 29 U.S.C. § 794a(a)(1)). To exhaust those administrative remedies, EEOC regulations require, among other things, that an aggrieved federal employee claiming employment discrimination "must initiate contact with a[n EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). "This deadline is construed as a statute of limitations and not as a jurisdictional prerequisite." *Johnson v. Runyon*, 47 F.3d 911, 917 (7th Cir. 1995) (citing *Rennie v. Garrett*, 896 F.2d 1057, 1062–63 (7th Cir. 1990)).

Here, Kyle's complaint is based on 19 separate discriminatory and/or retaliatory actions, most of which occurred in connection with Kyle's OWCP proceeding and all of which occurred during the time period of October 4, 2016 to January 5, 2017. Although his complaint is silent on the matter, he argues in his response brief that he did not initiate EEO counseling until April 11, 2017 (at the earliest) ((Dkt. 25) at 19), or 96 days after even the *latest* described discriminatory act. *See also* (Dkt. 25) at 34 (5/1/2017 Letter from USPS EEO Contact Center to Kyle). The USPS EEO ultimately dismissed Kyle's complaint as untimely for failure to comply with the time limits set forth in § 1614.105.

USPS argues for the same result here. Specifically, USPS argues that Kyle had a responsibility to initiate EEO counseling within 45 days of *each* alleged discriminatory incident,

which he admittedly failed to do. (Dkt. 18) at 10. In addition, although USPS acknowledges that Kyle has alleged that he became aware of all of the discriminatory actions on March 7, 2014, USPS argues that this allegation is insufficient to extend the counseling contact deadline across the board, particularly in light of the fact that Kyle's complaint encompasses 19 different incidents that are spread out in time. *Id.* at 10–12. USPS further argues that even if Kyle learned of all of the events on March 4, 2017, his contact with the EEO counselor still was defective, because he failed to file his pre-complaint counseling form in a timely manner. *Id.* at 12.

The complaint and Exhibit A demonstrate that Kyle's USPS EEO contact was not timely initiated, that is properly initiated within 45 days of each discriminatory act (or from November 18, 2016 to February 20, 2017, depending on the act). Instead, Kyle argues that his eventual contact was timely because it was made on April 11, 2017, which is within 45 days of March 4, 2017, and that his admitted "misstep in the continuation of the process" (the USPS EEO closed his request for counseling for failure to return necessary forms but provided a method to seek reconsideration, which Kyle alleges he pursued) was timely rectified. *See* (Dkt. 25) at 19–20, 32–36. In other words, Kyle does not respond at all—with either argument or case law—to USPS's dismissal argument that his allegation that he did not become aware of the discriminatory events until March 4, 2017 is not sufficient and that he therefore failed to make timely EEO contact with respect to each of the 19 discriminatory acts alleged. *Id.*

It is not the duty of the Court to make parties' arguments for them. *See Tyler v. Runyon*, 70 F.3d 458, 466 (7th Cir. 1995). A person waives an argument by failing to raise it before the district court, and this rule applies where, as here, a party fails to develop arguments related to a discrete issue. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011); *see also Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005) (plaintiff waived retaliation claim where, although he

7

alleged retaliation in his complaint, he failed to present legal arguments or cite to relevant authority in responding to defendants' motion to dismiss or in his own motion for reconsideration). So by failing to respond in substance to USPS's full timeliness argument, Kyle has waived his objections to USPS's challenge to using March 4, 2017 as the date from which to measure the 45-day deadline. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (citing *United States v. Farris*, 532 F.3d 615, 619 (7th Cir. 2008)); *Cincinnati Ins. Co. v. E. Atl. Ins. Co.*, 260 F.3d 742, 747 (7th Cir. 2001) (a failure to oppose an argument permits an inference of acquiescence and "acquiescence operates as a waiver"); *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1042 (7th Cir. 1999) ("If [judges] are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning."); *see also County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 818 (7th Cir. 2006) ("When presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action.") (internal quotations omitted); *cf. Thornton v. Flagstar Bank, FSB*, 2013 WL 4501445, at *3 (N.D. Ill. Aug. 21, 2013) (dismissal is appropriate where a plaintiff fails to respond to motion to dismiss, effectively abandoning litigation of his claims). Accordingly, whether Kyle's contact was initiated in a timely fashion post-March 4, 2017 is irrelevant, as he has failed to pursue his claim that the 45-day window should be calculated from that date. Therefore, Kyle has failed to exhaust his administrative remedies by not timely contacting an EEO counselor. *See Gray v. Potter*, 115 F. App'x 891, 894 (7th Cir. 2004) (affirming 12(b)(6) dismissal of complaint against USPS as untimely).

Even if he had not abandoned this argument, his claims based on USPS EEO Case 1J-609-0018-17—the basis for his complaint before this Court—still would be subject to dismissal as untimely. As a statute of limitations, the 45 day period is subject to the doctrines of waiver,

estoppel, and equitable tolling. *Ester v. Principi*, 250 F.3d 1068, 1071 (7th Cir. 2001); *see also Johnson*, 47 F.3d at 916. And 29 C.F.R. § 1614.105(a)(2) itself provides several bases for extending the 45-day limit. Specifically, the 45-day statute of limitations can be tolled if the plaintiff shows that: (1) he was not notified of the time limits and was not otherwise aware of them; (2) he did not know or reasonably should not have known that the discriminatory action occurred; (3) that despite due diligence she was prevented by circumstances out of her control from contacting the counselor within the 45–day time period; or (4) other reasons considered sufficient by the agency or the Commission entitle him to equitable tolling. 29 C.F.R. § 1614.105(a)(2). Taking Kyle's allegation as true that he only became aware of the discriminatory and retaliatory actions months after they occurred, he still has failed to invoke any of the stated exceptions. That is, although Kyle has alleged that he did not know of the discriminatory and retaliatory actions as they occurred, he has not alleged that he either reasonably should not have known about the actions or that something prevented him from contacting a counselor within the applicable time limits.[5]

Although district courts ordinarily will not dismiss a complaint based on a statute of limitations affirmative defense, *see Amin Ijbara Equity Corp. v. Vill. of Oak Lawn*, 860 F.3d 489, 492 (7th Cir. 2017), a Rule 12(b)(6) argument that a suit is untimely is proper if a complaint and its exhibits provide enough information to show that the applicable limitations period has run its course. *See Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011); *see, e.g., Scott v. City of Kewanee*, 2014 WL 1302025, at *3 (C.D. Ill. Mar. 28, 2014) (dismissing discrimination claim as untimely

---

[5] The equitable tolling analysis is similar to that contained in the regulation. Equitable tolling applies where the petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010); *see Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990) (equitable tolling "permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim").

where complaint and attachments "plainly revealed" that plaintiff's EEOC charge was not filed within the applicable statutory period).

Here, Kyle's filings indicate that USPS EEO Case 1J-609-0018-17 was not timely filed because he was on notice of the discriminatory and retaliatory events alleged in this proceeding before March 4, 2017. Specifically, Kyle filed a formal EEO complaint on account of the same or similar actions being taken by the same Agency Responsible Officials with regard to the same events (his OWCP proceeding or a repeated failure to accommodate his occupational injury) in a separate USPS EEO matter, Case 1J-609-0002-17, in January 2017—long before March 4, 2017. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008) (a plaintiff must "avoid foreclosing possible bases for relief in [his] complaint," or in admissions in subsequent pleadings). And Exhibit A, the USPS EEO dismissal in Case 1J-609-0018-17 filed by Kyle in this proceeding, indicates that Kyle had alleged before the agency that the March 4, 2017 discovery date was on based on "a letter that addressed [his] dissatisfaction complaint in Agency EEO Case 1J-609-0002-17." (Dkt. 12). As reflected in the filings in *Kyle v. Brennan*, No. 18 C 1099 (N.D. Ill.), in USPS EEO Case 1J-609-0002-17 (formal complaint filed Jan. 17, 2017), Kyle catalogued some 45 discriminatory actions (most, if not all, of a similar character to those alleged in this action) taken from May 2015 to November 2, 2016. *See Kyle v. Brennan*, No. 18 C 1099 (Dkt. 10) (N.D. Ill.) (EEO Complaint of Discrimination, No. 1J-609-0002-17).

Thus, the USPS EEO dismissal in Case 1J-609-0018-17 (Dkt. 12), Kyle's allegations contained in his formal EEO complaint filed in USPS EEO Case 1J-609-0002-17 (*Kyle v. Brennan*, No. 18 C 1099 (Dkt. 10) (N.D. Ill.)), and Kyle's allegations in the complaint in his other proceeding (*Kyle v. Brennan*, No. 18 C 1099 (Dkt. 14) (N.D. Ill.)) all serve to undermine his allegation of discovery on March 4, 2017, such that the 45 days should run from that date. Further, in light of

these filings, it is not reasonable to infer that Kyle reasonably should *not* have known about the actions before that date or that he was prevented from contacting a counselor in a timely manner despite his diligent efforts, such that the 45-day deadline should be extended with regard to all 19 alleged discriminatory events. *See, e.g., Spivey v. Doria*, 1994 WL 97756, at *12 (N.D. Ill. Mar. 24, 1994) ("While the Court must read the complaint in the light most favorable to the plaintiff, the Court is not to make inferences that are not reasonable, or to create facts where there are none."). That is, even if the 19 events were referenced in a letter regarding Kyle's earlier filed USPS EEO proceeding, the circumstances were such that he knew or should have known about them before receipt of that letter. This is particularly true where the earlier USPS EEO complaint covers at least part of the time period at issue in this case and complains about the same type of actions taken in regard to Kyle's OWCP proceeding—the submission of false reports and statements to the OWCP, the making of disparaging remarks in connection with the OWCP proceeding, the failure to timely submit documentation to the OWCP, and the failure to accommodate Kyle's occupational illness on several different occasions. In fact, some of the allegations in USPS EEO Case 1J-609-0018-17 are nearly identical to those asserted in USPS EEO Case 1J-609-0002-17. *Compare* (Dkt. 18-2) at 4 ("On October 25, 2016 The Agency Responsible Officials intentionally made false/misleading statements and disparaging remarks about the Complainant with intention to harm the Complainant (reprisal)"), *with Kyle v. Brennan*, No. 18 C 1099 (Dkt. 10) (N.D. Ill.) at 10 ("October 25, 2016: 41. The Agency Responsible Officials intentionally made false/misleading statements to the Complainant with intention to harm the Complainant (reprisal)"). Moreover, as USPS points out, it is not reasonable to infer that Kyle could not or would not have known about the agency's failure to accommodate his occupational illness until more than four months after the fact. *See Gray*, 115 F. App'x at 894 (holding that

§ 1614.105(a)(2) did not excuse the plaintiff's untimeliness in contacting an EEO counselor, and therefore affirming dismissal of the complaint). As a final point, Kyle's passing references to "continuing violations" ((Dkt. 11) at 6) do not save his claim. The continuing violation doctrine does not apply to make Kyle's EEO complaint timely here because none of the alleged discriminatory acts occurred within the 45 days before Kyle's EEO contact, February 25, 2017 to April 11, 2017. *See Coney v. CSX Intermodal Terminals, Inc.*, 2014 WL 4269212, at *2 (N.D. Ill. Aug. 28, 2014) (under the continuing violation doctrine, a plaintiff may obtain relief for a time-barred act if the act is linked by another occurring within the limitations period); see also 536 U.S. at 122 (a hostile work environment claim, which is a type of continuing violation, "will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period").

In sum, Kyle's complaint is dismissed as untimely, because he waived his claim that a discovery date of March 4, 2017 should apply to all of the discriminatory and retaliatory actions alleged in the complaint, and even if he had not waived that claim, because the complaint and Kyle's filings indicate that his EEO contact in USPS EEO Case 1J-609-0018-17 was not initiated in compliance with the 45-day rule.

**B.     USPS's Other Bases for Dismissal**

Even if Kyle's claims were not untimely, the Court still would dismiss them for the following reasons.

**1.     Claims Regarding Kyle's OWCP Proceedings**

The thrust of Kyle's complaint is that Agency Responsible Officials have interfered with his OWCP claim, by either submitting false or fraudulent material, making false or misleading statements about him, misquoting medical professionals, and refusing to submit materials in connection with his workers' compensation proceeding. *See* (Dkt. 11) at 6, Nos. 1)–2), 4), 6)–16), 18); *see also id.* at 5 ("In general the Central Illinois Health & Resource Management has

consistently willfully interfered in the Plaintiff's workers' compensation claims"). As USPS notes, the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8101, *et seq.*, extends to federal employees the right to receive compensation for disability or death resulting from personal injuries sustained while in the performance of duty and to receive supplies necessary to the relief and treatment of such work-related injuries. 5 U.S.C. §§ 8102, 8103. The statute explicitly provides that the system it creates is the exclusive remedy for federal employees, and it denies federal courts the jurisdiction to review the final decisions of the Secretary of Labor in applying the Act. "The action of the Secretary or her designee in allowing or denying a payment under this subchapter is—(1) final and conclusive for all purposes and with respect to all questions of law and fact; and (2) not subject to review by another official of the United States or by a Court by mandamus or otherwise." 5 U.S.C. § 8128(b); *see Lindahl v. Office of Personnel Mgmt.*, 470 U.S. 768, 780 n.13 (1985) (in employing such "unambiguous and comprehensive" language, Congress intended to "bar judicial review altogether"). OWCP renders decisions regarding FECA claims. *See* 20 CFR § 10.1.

In other words, the "doorclosing" provision of the FECA precludes review of non-constitutional challenges to administrative determinations. *See Czerkies v. U.S. Dep't of Labor*, 73 F.3d 1435, 1437–1443 (7th Cir. 1996) (construing the statute to contain an exception for constitutional claims). Here, Kyle does not assert any constitutional claims with regard to his OWCP proceedings; instead, he alleges that USPS officials retaliated and discriminated against him by interfering with his OWCP proceedings, which presumably caused him to be awarded a lesser amount of benefits that that to which he believes he is entitled. Although Kyle correctly argues that discrimination and workers' compensation claims can be separate (*see* (Dkt. 25) at 6–11), certain of the discrimination and retaliation claims alleged here are part and parcel of his

workers' compensation claims.[6] Put differently, even though Kyle does not explicitly challenge any benefits determinations of the OWCP head on, what he alleges in this matter in large part ultimately would require the Court to inquire into whether the Secretary of Labor wrongly awarded Kyle a particular amount of benefits or improperly conducted its proceedings. This is what the statute prohibits. Accordingly, to the extent that Kyle's complaint requests a review of any decision of the Department of Labor regarding his workers' compensation benefits or this Court's supervision of the course of the proceedings before the OWCP, such items are not available here.[7] *See Brown v. Potter*, 67 F. App'x 368, 370 (7th Cir. 2003).

2. **ADA/Rehabilitation Act Claims[8]**

Finally, Kyle alleges a handful of discriminatory or retaliatory actions that are independent of his OWCP proceeding. Liberally construing such allegations, he alleges that the USPS failed

---

[6] The cases cited by Kyle are inapplicable to the situation he presents here—where the alleged discrimination is carried out as part of the OWCP proceeding itself. *See, e.g., Williams v. Tapella*, 658 F. Supp. 2d 204, 210 (D.D.C. 2009) (FECA did not bar a subsequent claim for failure to accommodate an on-the-job injury). To illustrate, as *Prescott-Harris v. Fanning*, 2016 WL 7223276, at *5 (D.D.C. Dec. 12, 2016) (cited in (Dkt. 25) at 9–10) explains, "FECA applies to work-related injuries, not claims of discrimination, which are different causes of action aimed at redressing different types of harms." But as is clear from Kyle's complaint, he has alleged only one type of harm—that stemming from his OWCP proceedings. Here there is no distinction between the discrimination and the workplace injury, because Kyle does not appear to allege discrimination as a separately compensable injury, but instead, something that decreased his recovery for his workplace injury.

[7] The Court takes note of *Wade v. Donahoe*, 2012 WL 3844380, at *7 (E.D. Pa. Sept. 4, 2012), cited by Kyle. *See* (Dkt. 25) at 11. There, the Eastern District of Pennsylvania held that FECA did not preclude claims of discrimination related to USPS's actions in connection with a then-open OWCP proceeding because there were no decisions to attack. The same rationale potentially could be applied here if Kyle's OWCP proceeding lacks any determinations to challenge. (The complaint is not clear on this exact point, although it alleges that Kyle has been receiving benefits since July 2016 and the Court notes that certain exhibits to the USPS's motion to dismiss appear to reflect benefits determinations. *See* (Dkt. 18-8) (Oct. 31, 2016 Letter "outlining compensation benefits"); *see also* (Dkt. 4) (*in forma pauperis* application listing $10,800 in workers' compensation received by Kyle in the past 12 months)). Even if there were no determinations in Kyle's OWCP proceeding(s) the Court would find (as did the Court in *Wade*) that Kyle has failed to allege facts connecting the USPS's harassment and actions with regard to Kyle's OWCP proceeding to his prior EEO activity or any disability. *See Wade*, 2012 WL 3844380, at *7–10.

[8] Kyle's complaint also cites to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; "First Amendment Retaliation"; the Family Medical Leave Act as the basis for his claims (*see* (Dkt. 1) at 4), but

14

to accommodate his "accepted occupational illness" in violation of the ADA and Rehabilitation Act; that there was a policy in place prior to his removal that he not be allowed "back to work or in the building" due to his "mental disabilities"; and officials "referenced several privacy policy violations, and improper disclosure on their Agencies part." (Dkt. 11) at 6, Nos. 3), 5), 17), 19). To start, Kyle cannot bring a Title I ADA claim against USPS because the United States is not an "employer" subject to the ADA. *See* 42 U.S.C. § 12111(5)(B) ("The term 'employer' does not include . . . the United States [or] a corporation wholly owned by the government of the United States . . . ."); *Dyrek v. Garvey*, 334 F.3d 590, 597 n.3 (7th Cir. 2003) ("ADA does not apply to federal agencies").[9]

Viewing his claims as brought under the Rehabilitation Act, they still fail for multiple reasons. The elements of a failure-to-accommodate claim are: (1) the plaintiff must be a qualified individual with a disability; (2) the employer must be aware of the plaintiff's disability; and (3) the employer must have failed to reasonably accommodate the disability. *Brumfield v. City of Chicago*, 735 F.3d 619, 631 (7th Cir. 2013) (citation omitted). The elements of an intentional disability discrimination claim that Kyle must allege are: (1) he suffers from a disability; (2) he is qualified to perform the essential functions of the position, with or without reasonable

---

he has not presented any allegations that would implicate such causes of action, nor did he argue for any such claims in response to USPS's motion to dismiss.

[9] Title I of the ADA, covered employers are prohibited from discriminating against qualified individuals with disabilities in hiring and employment because of their disabilities. 42 U.S.C. § 12112(a). Pursuant to Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Although Kyle's complaint only cites to sections within Title II, only Title I could apply to his claims, because "Title II is clearly inapplicable to employment discrimination because Title I specifically, comprehensively, and exclusively addresses disability discrimination in employment." *Brumfield v. City of Chicago*, 735 F.3d 619, 628 (7th Cir. 2013).

accommodation; and (3) he has suffered an adverse employment action as a result of his disability. *Jackson v. City of Chicago*, 414 F.3d 806, 810 (7th Cir. 2005).

Both claims require allegations that Kyle is disabled under the statute's definition, that he has a "physical or mental impairment that substantially limits a major life activity, a record of such impairment, or [is] regarded as having such impairment." *See* 42 U.S.C. § 12102(2); *Garg v. Potter*, 521 F.3d 731, 736 (7th Cir. 2008) (using the ADA's statutory definition of "disabled" in analyzing a Rehabilitation Act claim); *Novak v. Principi*, 442 F. Supp. 2d 560, 565 (N.D. Ill. 2006) ("In the employment context, the Rehabilitation Act requires that courts use the standards and provisions relating to employment of the [ADA].") (citing 29 U.S.C. § 794(d)). Kyle's complaint leaves much to be desired, because although he references an "accepted occupational illness" and "mental disabilities," he does not allege any additional facts regarding such issues, which leaves the Court to guess to which illnesses or disabilities he is referring. Kyle's conclusory allegations are enough to merit dismissal of these claims. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements). Even looking to the USPS EEO filings submitted by Kyle in this proceeding, as best the Court can tell he suffers from a still vaguely alleged "permenant [sic] occupational illnesses regarding the left foot and ankle" and "Major Depression, Anxiety Disorder, PTSD." (Dkt. 25) at 32. While it is possible that Kyle's foot and ankle issues may satisfy the pleading standard for a disability based on Kyle's alleged workers' compensation history, which presumably regards these specific injuries, he has not sufficiently alleged that his mental health issues are disabilities as defined by statute. *See* 42 U.S.C. § 12102(2) ("disability" means "(A) a physical or mental impairment which

substantially limits one or more major life activities"; "(B) a record of such an impairment"; or (C) being regarded as having such an impairment.").

Further, Kyle fails to allege that he is a *qualified* individual with a disability, meaning an "individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). He has made no allegations or presented any facts that could even tend towards this element. And even if Kyle had sufficiently alleged that he is a qualified individual with a disability, he has failed to allege that he requested any accommodation from USPS or that USPS otherwise was aware of his disability, that he suffered an adverse employment action on account of his disabilities, or any facts to support an inference of either element. Finally, to the extent that Kyle is bringing a hostile work environment claim, assuming that such a claim exists under the Rehabilitation Act, it too fails because Kyle has not alleged that he was "harassed on account of his disability in a way that is 'so severe or pervasive as to alter the conditions of employment and create an abusive working environment.'" *Huppert v. Potter*, 232 F. App'x 576, 580 (7th Cir. 2007) (quoting *Mannie v. Potter*, 394 F.3d 977, 982 (7th Cir. 2005)). For one thing, none of the alleged incidents indicate that they were directed at Kyle, but instead were actions taken in connection with his OWCP proceedings. For all of these reasons, Kyle has failed to state a claim.

## **CONCLUSION**

For the reasons stated above, the Court grants USPS's motion to dismiss. (Dkt. 16). The Court will enter final judgment and close the case.

_____
Hon. Virginia M. Kendall
United States District Judge

Date: July 2, 2018